UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. _____

**In re:  355 Main Street, Frenchburg, KY 40322**

UNITED STATES OF AMERICA                                                PLAINTIFF

VS.

HENRY AGEE

**Serve via certified mail:**              **355 Main St.**
                                                    **Frenchburg, KY 40322**

AND

JENNIFER AGEE                                                          DEFENDANTS
**Serve via certified mail:**              **355 Main St.**
                                                    **Frenchburg, KY 40322**

<u>**COMPLAINT**</u>

********

Comes now the Plaintiff, the United States of America, by and through counsel, and for its

Complaint and cause of action against the Defendants states as follows:

1.  This real estate mortgage foreclosure action is brought by the United States of America,

    on behalf of its Department of Agriculture, Rural Development (hereinafter "RD"),

    pursuant to Title 28, United States Code, Section 1345.

2.  On or about September 18, 2007, Henry Agee and Jennifer Agee, for value received,

    executed and delivered to RD a promissory mortgage note (hereinafter "Note") in the

    principal amount of $74,000.00, bearing interest at the rate of 6.1250 percent per annum,

    the Note calling for monthly payments of principal and interest.  A copy of this Note is

attached hereto marked Exhibit A, and hereby incorporated by reference as if set forth at length herein.

3. Contemporaneously with the execution of the Note, Henry Agee and Jennifer Agee, executed, acknowledged, and delivered to RD a real estate mortgage (hereinafter "Mortgage"), which was recorded on September 19, 2007, in Mortgage Book 60, Page 303, in the Commonwealth of Kentucky, Menifee County Clerk's Office.  In and by this Mortgage, said borrowers granted to RD a first mortgage lien against the real property described in the Mortgage located in Menifee County, Kentucky (hereinafter "Property"). A copy of this Mortgage is attached hereto marked Exhibit B, and is hereby incorporated by reference as if set forth at length herein.

4. Contemporaneously with the execution of the Note and Mortgage, Henry Agee and Jennifer Agee executed, acknowledged, and delivered to RD a Subsidy Repayment Agreement (hereinafter "Subsidy Agreement").  A copy of this Subsidy Agreement is attached hereto marked Exhibit C, and hereby incorporated by reference as if set forth at length herein.

5. By virtue of all of the foregoing, the real property which is the subject of this mortgage foreclosure action consists of a tract of land located in Menifee County, Kentucky, and more particularly described as follows:

> Commencing at a point 50 feet east of the Rodney Wells property line, being a corner of the Roy Henry lot and the south right of way line of U.S. 460 Highway; thence east with said right of way line a distance of 55 feet; thence south course a straight line, a distance of 195 feet to a center of Beaver Creek; thence up the creek, west course, a distance of 55 feet to a corner of Henry lot; thence a north course with line of Henry lot, a distance of 195 feet to the beginning point at right of way line, being a lot 55' x 195'.

> **BEING THE SAME REAL PROPERTY** conveyed to Henry Agree and wife, Jennifer Agree by Deed from Christopher Egelston and wife, Erika Egelston, dated September 18, 2007, of record in Deed Book 100, Page 737,Menifee County Clerk's Office.

6. The Defendants, and/or said borrowers, have failed and continue to fail to make payments of principal and interest due in accordance with the terms and conditions of the said Note and Mortgage and are, therefore, in default.

7. Paragraph (22) of the Mortgage provides that if default occurs in the performance or discharge of any obligation of the Mortgage, then RD shall have the right to accelerate and declare the entire amount of all unpaid principal together with all accrued and accruing interest to be immediately due and payable and to bring an action to enforce the Mortgage, including the foreclosure of the lien thereof.  Because of the Default of the Defendants, and/or said borrower, as set forth above, RD caused a Notice of Acceleration of Indebtedness and Demand for Payment to be issued to said Defendants declaring the entire indebtedness due upon the said Note and Mortgage to be immediately due and payable, which demand has been refused.'

8. Paragraph (1) of the Subsidy provides that subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or nonoccupancy of the security property.

9. The unpaid principal balance on the Mortgage and Note is $63,636.15, with accrued interest of $5,488.85 through March 16, 2015, with the total subsidy granted of $10,423.57, with escrow due in the amount of $43.50, late charges in the amount of $57.84, and with fees assessed of $1,796.55, for a total unpaid balance due of $81,446.46. Interest is accruing on the unpaid principal balance at the rate of $10.9728 per day after March 16, 2015.  An Affidavit of Proof Statement of Account signed by RD Foreclosure

Representative, Vickie Jones, is attached hereto marked Exhibit D, and is incorporated herein as if set forth verbatim.

10. Included within the balance set out in paragraph 9 above, the portion of the debt attributable to the Mortgage secured by the real estate collateral is the principal sum of $63,636.15, with interest accrued thereon of $5,488.85 through March 16, 2015. Interest is accruing on the unpaid balance at the rate of $10.9728 per day after March 16, 2015.

11. The Property is indivisible and cannot be divided without materially impairing its value and the value of RD's lien thereon.

12. The lien on the Property in favor of RD by virtue of the Mortgage is first, prior and superior to all other claims, interests and liens in and to the Property except for liens securing the payment of ad valorem property taxes.

13. There are no other individuals or entities purporting to have an interest in the Property known to RD.

WHEREFORE, the Plaintiff, the RD, prays for relief as follows:

   a.   That the RD be awarded a judgment, as the total amount owing is $81,446.46, as of March 16, 2015. Interest is accruing on the unpaid principal balance at the rate of $10.9728 per day after March 16, 2015, until entry of judgment herein, and thereafter according to law, plus costs, disbursement and expenses.

   b.   That RD be adjudged a lien on the subject Property, prior and superior to any and all other liens, claims, interests, and demands, except liens for unpaid real estate ad valorem taxes and except as set forth above; and for an Order of Sale of the Property in accordance with Title 28, United States Code, Sections 2001- 2003, inclusive; that the Property be sold free and clear of any and all

4

liens and claims for any and all parties to this action, except for real estate restrictions and easements of record, and any city, county, state, or school ad valorem taxes which may be due and payable thereon at the time of sale; and free and clear of any rider equity of redemption; and that the proceeds from the sale be applied first to the costs of this action, second to the debt, interest, costs, and fees due the Plaintiff, with the balance remaining to be distributed to the parties as their liens and interests may appear.

c.      That the Property be adjudged indivisible and be sold as a whole.

d.      That all Defendants be required to Answer and set up their respective liens, claims, or interests in the Property, if any, or be forever barred.

e.      For any and all other lawful relief to which the Plaintiff may appear properly entitled.

Respectfully submitted,

By: _/s/   Melissa R. Dixon            ___
Attorney for the Plaintiff:
R. Scott Wilder/ Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 ½ N. Main St. Ste. 2
London, KY 40741
(606) 878-8906
Fax: (606)878-8907